**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES LEONARD LAWSON,

    Defendant - Appellant.

No. 20-6001
(D.C. No. 5:19-CR-00006-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

Charles Leonard Lawson appeals his enhanced sentence under the Armed Career

Criminal Act (ACCA) for being a felon in possession of a firearm.  Exercising

jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, we vacate the sentence

and remand for resentencing.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Based on conduct that occurred in February 2018, Lawson pled guilty to one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Ordinarily, a conviction for being a felon in possession of a firearm carries a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). But under the ACCA, if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both," a mandatory minimum sentence of fifteen years applies. *Id.* § 924(e)(1).

The United States Probation Office prepared a presentence investigation report (PSR), indicating that Lawson qualified for a sentencing enhancement under the ACCA due to prior Oklahoma convictions for (1) using a vehicle to facilitate the discharge of a firearm; (2) possessing a controlled dangerous substance (CDS) (in September 2001) with intent to distribute; and (3) possessing a CDS (in June 2009) with intent to distribute.

Lawson objected to the use of his CDS convictions to support an ACCA enhanced sentence. He complained, as relevant here, that Oklahoma's drug schedules included two controlled substances (Salvia Divinorum and Salvinorin A) not found on the federal drug schedules. Thus, Lawson maintained, it was possible to be convicted of an Oklahoma CDS offense that would not be a predicate "serious drug offense" under the ACCA, *id.* § 924(e)(1). *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (stating that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense").

2

The district court overruled Lawson's objection, stating that Salvia Divinorum and Salvinorin A were not added to the Oklahoma drug schedules until after Lawson was convicted of his CDS offenses. The district court then sentenced him to 15 years in prison.

## DISCUSSION

We review de novo whether Lawson's CDS crimes qualify as predicate serious drug offenses. *United States v. Degeare*, 884 F.3d 1241, 1245 (10th Cir. 2018). To make that determination, "we generally begin with the categorical approach." *United States v. Cantu*, 964 F.3d 924, 926 (10th Cir. 2020). Under that approach, we compare "the elements of the state offense and the definition of serious drug offense" to see "[i]f one can commit the state offense by conduct that is not a serious drug offense." *Id.* at 927 (italics omitted).

A serious drug offense is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). "The incorporated definition of controlled substance is a drug or other substance, or immediate precursor, included in [federal drug] schedules I, II, III, IV, or V." *Cantu*, 964 F.3d at 926 (italics and internal quotation marks omitted).

Likewise, the Oklahoma CDS statutes under which Lawson was convicted make it unlawful for any person "[t]o distribute, dispense, transport with intent to distribute or dispense, possess with intent to manufacture, distribute, or dispense, a [CDS]." Okla.

3

Stat. tit. 63, § 2-401(A)(1) (effective July 1, 2001); *see also* 2001 Okla. Sess. Law Serv.

Ch. 437, §§ 31, 34 (West); 2005 Okla. Sess. Law Serv. Ch. 283, §§ 4, 5 (West).

Oklahoma law defines a CDS as "a drug, substance or immediate precursor in Schedules

I through V of the [Oklahoma] Uniform Controlled Dangerous Substances Act," Okla.

Stat. tit. 63, § 2–101(8), and prescribes categories of punishment depending on the type

of CDS involved, *see id.* § 2-401(B).[1]

    Effective November 1, 2008, Oklahoma added Salvia Divinorum and Salvinorin A

as Schedule I drugs in Okla. Stat. tit. 63, § 2–204(C). *See* 2008 Okla. Sess. Law Serv.

Ch. 332, §§ 1, 3 (West). But those drugs are not "controlled substances under federal

law," *Cantu*, 964 F.3d at 928; *see* 21 C.F.R. §§ 1308.11–.15 (2018).[2] Thus, Lawson's

---

[1] Specifically, § 2-401 provides a sentence of five years to life for a conviction involving "[a] substance classified in Schedule I or II which is a narcotic drug or [LSD]," § 2-401(B)(1) (2001); two years to life for a conviction involving "[a]ny other controlled dangerous substance classified in Schedule I, II, III, or IV," § 2-401(B)(2) (2001); and up to five years for a conviction involving "[a] substance classified in Schedule V," § 2-401(B)(3) (2001). Narcotic drugs include cocaine, opium, ecgonine, and their chemically identical derivatives. *See* Okla. Stat. tit. 63, § 2-101(26) (2001).

[2] "[T]he comparison that must be made is between what the defendant could have been convicted of at the time of the commission of the predicate state offense and what constitutes a federal drug offense at the time of the federal offense." *Cantu*, 964 F.3d at 936 (Hartz, J., concurring); *see United States v. Titties*, 852 F.3d 1257, 1262 n.2 (10th Cir. 2017) ("[W]e focus on the [state] law as it applied to Mr. Tittle when he committed the offense."); *but see Degeare*, 884 F.3d at 1255 n.7 (stating in dicta that divisibility is assessed as of the time of the state conviction). Regardless of whether we look to Oklahoma law at the time of Lawson's offense in June 2009 or his conviction in June 2011, Salvia Divinorum and Salvinorin A were Schedule I substances. *See* Okla. Stat. tit. 63, § 2-204(C)(23), (24) (2011).

2009 offense of possession of a CDS with intent to distribute is broader than an ACCA serious drug offense.[3]

"Our inquiry, however, does not end just because the statute is overbroad." *Johnson v. Barr*, 967 F.3d 1103, 1107 (10th Cir. 2020). Instead, as the government contends, "we must next consider whether the overbroad statute is divisible—that is, whether it comprises multiple, alternative versions of the crime," *id.* Because, if the state statute has a divisible structure, "list[ing] elements in the alternative[ ] and thereby defin[ing] multiple crimes," we must apply a modified categorical approach. *Mathis*, 136 S. Ct. at 2249. "The modified categorical approach allows a court to examine a limited category of court records, including the charging document, jury instructions, and plea agreement, to determine which specific crime the defendant committed." *Johnson*, 967 F.3d at 1106. We then apply "the categorical approach . . . separately to the relevant sub-crime within the statute." *Cantu*, 964 F.3d at 927. According to the government,

---

[3] For reasons that are unclear, Lawson "does not dispute" the government's erroneous position that Salvia Divinorum and Salvinorin A were not listed in Oklahoma's drug schedules when he committed his 2009 CDS offense. Aplt. Opening Br. at 9. Instead, he substitutes two other controlled substances into his argument that his CDS offenses are broader than an ACCA predicate offense. But "[w]e are not bound by a litigant's concession on an issue of law." *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 163 n.* (2011) (Scalia and Thomas, JJ., concurring in the judgment). "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Services, Inc.*, 500 U.S. 90, 99 (1991); *see, e.g.*, *U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 448 (1993) (holding that "the Court of Appeals acted without any impropriety in refusing to accept what in effect was a stipulation on a question of law"). Accordingly, we decide this appeal using the two controlled substances Lawson raised in the district court: Salvia Divinorum and Salvinorin A.

that process reveals that Lawson's 2009 offense involved marijuana, which is a federally controlled substance.

But it is clear that "courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps v. United States*, 570 U.S. 254, 258 (2013). And in *Cantu*, this court held "that § 2–401(A)(1) is not divisible by individual drug." *Cantu*, 964 F.3d at 934. We are bound by that decision.[4]

Thus, Lawson's 2009 crime of possessing a controlled substance with intent to distribute is overbroad and cannot serve as an ACCA predicate. *See id.*

### CONCLUSION

We reverse and remand for resentencing in accordance with this order and judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[4] The *Cantu* panel stressed that "the drug involved in [Cantu's] state prosecutions[ ] [wa]s in the same category of drugs [§ 2–401(B)(2)] as three Oklahoma controlled dangerous drugs that have not been controlled substances under federal law." 964 F.3d at 932. Similarly, the drug involved in Lawson's 2009 offense, marijuana, belongs in the same sentencing category as Salvia Divinorum and Salvinorian A. *See* Okla. Stat. tit. 63, § 2–401(B)(2) (2009) (covering non-narcotic drugs listed in Schedule I); *id.* § 2–204(C) (2009) (including marijuana, Salvia Divinorum, and Salvinorin A as Schedule I hallucinogenics).